1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    JONATHAN BAILEY and JOSE                    No. 2:17-cv-00685-TLN-DMC
      CARRASCO JR., on behalf of themselves
12    and on behalf of all persons similarly
      situated,
13                                                **ORDER GRANTING PRELIMINARY**
                          Plaintiffs,             **APPROVAL OF SETTLEMENT;**
14                                                **APPROVING CLASS NOTICE;**
              v.                                  **APPOINTING SETTLEMENT**
15                                                **ADMINISTRATOR; AND SCHEDULING**
      ROMANOFF FLOOR COVERING, INC.,              **FINAL APPROVAL HEARING**
16    a Corporation; and Does 1 through 50,
      Inclusive,
17
                          Defendant.
18

19

20          This matter is before the Court on Plaintiffs Jonathan Bailey and Jose Carrasco Junior's

21    ("Plaintiffs") Motion for Preliminary Approval of Class Action Settlement.  (ECF No. 13.)  The

22    operative Second Amended Complaint, filed July 17, 2018, alleges violations of the Fair Credit

23    Reporting Act, 15 U.S.C. § 1681 *et seq.*; unfair competition in violation of California Business

24    and Professions Code § 17200; violations of the California Labor Code §§ 201, 202, 203, 226,

25    510, 1194, 1197, 1198, and 2802; and violation of the Private Attorneys General Act ("PAGA"),

26    Labor Code § 2698 *et seq.*  Defendant denies any and all allegations relating to this matter,

27    including, among other things, that it has failed to properly compensate non-exempt employees,

28    failed to properly obtain consent for background checks, or that it otherwise violated its legal

                                                  1

1   obligations.  Defendant has asserted many affirmative defenses, including that the claims are

2   based on individualized facts and are not appropriate for class certification.

3        On February 28, 2018, the Parties participated in an all-day mediation before mediator

4   Mark Rudy.  The Parties reached an agreement to settle the Action pursuant to the terms and

5   conditions of a mediator's proposal.  The Parties executed a Memorandum of Understanding the

6   same day and thereafter negotiated and prepared the Agreement which sets forth the final terms of

7   Settlement for this Court's consideration.  The Court has carefully considered Plaintiffs' Motion

8   and all relevant documentation including the proposed Settlement Agreement (ECF No. 13-2, Ex.

9   1) and proposed Notice to Class Members (*see* exhibits attached to Agreement at ECF No. 13-2,

10   Ex. 1).  For the reasons set forth below, the Court GRANTS Plaintiffs' unopposed Motion.

11        **I.      SUMMARY OF THE SETTLEMENT**[1]

12        To implement the terms of this Settlement, Defendant agrees to pay the Gross Settlement

13   Amount of One Million Three Hundred Seventy-Five Thousand Dollars ($1,375,000) in full and

14   complete satisfaction of the claims released by the Agreement.  (Agreement at ¶¶ III(A) and

15   III(F)[2].)  The Gross Settlement Amount will consist of: (1) all payments made to Participating

16   Class Members; (2) service awards to the Class Representatives of up to $10,000 each; (3)

17   $10,000 as the PAGA Payment; (4) up to $30,000 for the expenses of the Settlement

18   Administrator; (5) Class Counsel's approved attorneys' fees of no more than 25% of the Gross

19   Settlement Amount; and (6) Class Counsel's approved litigation costs of no more than $15,000.

20   (Agreement at ¶¶ I(P) and III(B).)  The Gross Settlement Amount shall not include the employer's

21   share of payroll taxes which shall remain the separate responsibility of Defendant.  (Agreement at

22   ¶ I(P).)

23        The Net Settlement Amount is the Gross Settlement Amount less the Court-approved

24   _____

25   [1]      The following summary is taken, sometimes verbatim, from the Declaration of Kyle
     Nordrehaug, ECF No. 13-2.

26   [2]      The full Agreement is attached as Exhibit 1 to the Declaration of Kyle Nordrehaug (ECF
27   No. 13-2), which is attached to the pending Motion (ECF No. 13.)  For ease of reference the
     Court will cite to the Agreement and paragraph where appropriate as Plaintiff did in the
28   referenced declaration.

1   amounts for the Class Representative Service Payments, Class Counsel Fees Payment, Class

2   Counsel Litigation Expenses Payment, the LWDA Payment, and the Settlement Administrator's

3   fees and expenses.  (Agreement at ¶ I(S).)  The entire Net Settlement Amount will be distributed

4   to Participating Class Members, which are those Class Members who do not request exclusion.

5   (Agreement at ¶¶ I(U) and III(C).)

6          The Net Settlement Amount will be allocated 30% to the FCRA Class and 70% to the

7   California Class.  Within the portion of the Net Settlement Amount allocated to the FCRA Class,

8   75% shall be allocated to the FCRA Class Members who received an FCRA form within the 2-

9   year statutory period of FCRA.  The remaining 25% of the portion of the Net Settlement Amount

10  allocated to the FCRA Class Members shall be allocated to FCRA Class Members who received

11  an FCRA form within the 5-year statutory period of FRCA but outside of the 2-year statutory

12  period of FCRA.  (Agreement at ¶ III(C)(1).)

13         The Settlement Share for each Participating Class Member in the FCRA Class shall be

14  allocated on a per person basis by taking the Net Settlement Amount allocated to the 2-year and

15  5-year FCRA subclasses and dividing that amount by the number of Participating Class Members

16  in each FCRA Class subclass.  (Agreement at ¶ III(C)(2).)  The Settlement Share for each

17  Participating Class Member in the California Class will be calculated by (a) dividing the Net

18  Settlement Amount allocated to the California Class by the total number of Pay Periods for all

19  Participating Class Members in the California Class that occurred during the California Class

20  Period, and (b) multiplying the result by each individual Participating Class Member's Pay

21  Periods that occurred during the California Class Period.  (Agreement at ¶ III(C)(3).)

22         Settlement checks shall remain valid for 180 days from the date of issue.  If the check of a

23  California Class Member remains uncashed, the uncashed check funds will be paid to the DIR

24  Unpaid Wage Fund in the name of the Participating Class Member.  If the check of a FCRA Class

25  member remains uncashed, the uncashed funds will be paid to the National Consumer Law

26  Center, a non-profit organization involved in FCRA advocacy.  (Agreement at ¶ III(E)(12).)

27         As also set forth in the Agreement, the Parties have agreed to have CPT Group appointed

28  as Settlement Administrator.  (Agreement at ¶ III(D).)  The Settlement Administrator has

1    estimated that administering this settlement will not exceed the cost of $30,000.  (Agreement at ¶

2    I(Y).)  Such fees, costs, and expenses will be deducted from the Gross Settlement Amount.

3         Additionally, Class Counsel will apply to the Court for an award of up to 25% of the

4    Gross Settlement Amount for reasonable attorneys' fees, and for reimbursement of litigation costs

5    not to exceed $15,000.  (Agreement at ¶ II(B)(2).)  Plaintiffs will also apply for approval of Class

6    Representative Services Payments in an amount not to exceed $10,000 each.  (Agreement at ¶

7    III(B)(1).)

8    **II.    SETTLEMENT CLASS CERTIFICATION, CLASS ADMINISTRATOR,
         CLASS REPRESENTATIVE, AND CLASS COUNSEL**

9

10        In order for the Court to properly certify a class, a plaintiff must meet all the prerequisites

11   of Federal Rule of Civil Procedure 23(a) and at least one of the requirements of Rule 23(b).  Fed.

12   R. Civ. P. 23; *see also Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996).

13   Rule 23(a) requires the following: (1) the class is so numerous that joinder of all members is

14   impracticable; (2) there are questions of law or fact common to the class; (3) the claims or

15   defenses of the representative parties are typical of the claims or defenses of the class; and (4) the

16   representative parties will fairly and adequately protect the interests of the class.  Fed. R. Civ. P.

17   23(a).  These factors are known as "numerosity," "commonality," "typicality," and "adequacy,"

18   respectively.  Rule 23(b) requires a plaintiff to establish one of the following: (1) that there is a

19   risk of substantial prejudice from separate actions; (2) that declaratory or injunctive relief

20   benefitting the class as a whole would be appropriate; or (3) that common questions of law or fact

21   predominate and the class action is superior to other available methods of adjudication.  Fed. R.

22   Civ. P. 23(b).  Rule 23(c)(1) permits a court to "make a conditional determination of whether an

23   action should be maintained as a class action, subject to final approval at a later date."  *Fry v.*

24   *Hayt, Hayt & Landau*, 198 F.R.D. 461, 466 (E.D. Pa. 2000) (citing *Collier v. Montgomery*

25   *County Housing Authority*, 192 F.R.D. 176, 181 (E.D. Pa. 2000)).  Where the parties have entered

26   into a settlement agreement before class certification, district courts "must pay 'undiluted, even

27   heightened, attention' to class certification requirements...." *Hanlon v. Chrysler Corp.*, 150 F.3d

28

4

1  1011, 1019 (9th Cir. 1998) (quoting *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620

2  (1997)).

3        The Court finds these requirements met and therefore preliminarily and conditionally

4  approves the following classes for settlement purposes only, subject to a final fairness hearing and

5  certification of the settlement class, under the Federal Rules of Civil Procedure and related case

6  law: (1) The California Class is defined as all individuals who worked for Defendant in California

7  as non-exempt employees from March 30, 2013, up to and through May 1, 2018 (the "California

8  Class Period"); (2) The FCRA Class is defined as all prospective employees for whom Defendant

9  procured a background check during the time period of March 30, 2012, to April 5, 2017 (the

10 "FCRA Class Period").

11       More specifically, the approximately 702 current and former employees of the California

12 Class and the 2,989 individuals of the FCRA Class are sufficiently numerous for settlement

13 purposes such that joinder would be impracticable.  The commonality and predominance

14 requirements are met since there are questions of law and fact common to the class and that

15 predominate over individualized issues, which include whether Defendant's employment practices

16 were lawful, whether Defendant failed to properly provide and/or pay for meal periods, whether

17 Defendant miscalculated the regular rate when paying overtime, whether Defendant violated the

18 FCRA in using the consent forms, whether Defendant's conduct was willful, and whether the

19 Class is entitled to compensation and related penalties.  In other words, certification of this Class

20 is appropriate because Defendants engaged in uniform practices with respect to the Class

21 Members.  *Hanlon*, 150 F.3d at 1022 ("when common questions present a significant aspect of

22 the case and they can be resolved for all members of the class in a single adjudication, there is

23 clear justification for handling the dispute on a representative rather than on an individual basis").

24 The typicality requirement for settlement purposes is also satisfied since the claims of Plaintiffs

25 arise from the same factual bases and are based on the same legal theories as those applicable to

26 the purported class members.  Plaintiffs, like every other member of the FCRA Class, were

27 subject to Defendant's practice concerning the background check consent form.  Plaintiffs were

28 employed by Defendant as non-exempt employees and, like every other member of the California

1  Class, were subject to the same employment practices concerning the regular rate calculation, rest

2  periods, and expense reimbursement.  Plaintiffs, like every other member of the Class, also claim

3  compensation and penalties as a result of Defendants' uniform policies and practices.

4          Furthermore, the Court finds that a class action is superior to other forms of adjudication.

5  Indeed, a class action avoids the inefficiency of each class member litigating similar claims

6  individually.  Resolution of the claims of approximately 3,691 total Class Members in one action

7  is far superior to individual lawsuits because it promotes consistency and efficiency of

8  adjudication.  The California Class and the FCRA Class are therefore conditionally certified

9  (collectively, the "Class").  The California Class is defined as all individuals who worked for

10 Defendant in California as non-exempt employees from March 30, 2013, up to and through May

11 1, 2018 (the "California Class Period").  The FCRA Class is defined as all prospective employees

12 for whom Defendant procured a background check during the time period of March 30, 2012, to

13 April 5, 2017 (the "FCRA Class Period").

14         Lastly, the Court finds the representative Plaintiffs and Class Counsel are adequate

15 representatives of the Class.  According to the Motion, Plaintiffs are aware of their duties as the

16 representatives of the Class and have actively participated in the prosecution of this case to date.

17 Class Counsel has extensive experience in class action litigation in California and throughout the

18 country, including many wage and hour class actions.  It appears neither Plaintiffs nor Class

19 Counsel have conflicts with the Class Members, and Plaintiff and counsel have prosecuted the

20 action vigorously up to this point.  Nothing indicates to the Court they will not continue to do so.

21 Consequently, Blumenthal Nordrehaug Bhowmik De Blouw LLP is approved as Class Counsel

22 and the Plaintiffs are approved as the representatives of the Class.  CPT Group is also hereby

23 approved and appointed to act as the Settlement Administrator with expenses not to exceed

24 $30,000, pursuant to the terms set forth in the Settlement.  The Settlement Administrator's duties

25 are set forth in detail in the Agreement.

26     **III.    PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT**

27         Having concluded that class treatment appears to be warranted, the Court now considers

28 whether the proposed settlement is fair, adequate, and reasonable.  Fed. R. Civ. P. 23(e)(2);

6

1   *Alberto*, 252 F.R.D. at 664.  In making this inquiry, the Court should weigh the strength of

2   Plaintiff's case; the risk, expense, complexity, and likely duration of further litigation; the stage of

3   the proceedings; and the value of the settlement offer.  *Collins v. Cargill Meat Solutions Corp*.,

4   274 F.R.D. 294, 301 (E.D. Cal. 2011).  "Given that some of these 'fairness' factors cannot be fully

5   assessed until the Court conducts the final approval hearing, 'a full fairness analysis is

6   unnecessary at this stage.'"  *Tijero v. Aaron Bros., Inc*., 301 F.R.D. 314, 324 (N.D. Cal. 2013)

7   (quoting *Alberto*, 252 F.R.D. at 665).

8        Preliminary approval of a settlement and notice to the proposed class is appropriate if (1)

9   the proposed settlement appears to be the product of "serious, informed, non-collusive

10  negotiations," (2) the proposed settlement has no obvious deficiencies, (3) the proposed

11  settlement does not improperly grant preferential treatment to class representatives or segments of

12  the class, and (4) the proposed settlement falls with the range of possible approval.  *Collins*, 274

13  F.R.D. at 301-02 (citing *In re Tableware Antitrust Litig*., 484 F. Supp. 2d 1078, 1079 (N.D. Cal.

14  2007)).

15       Here, the Court finds on a preliminary basis that the Settlement Agreement appears to be

16  fair, reasonable, and adequate.  *See* Fed. R. Civ. P. 23(e)(2).  Plaintiff asserts — and Defendants

17  do not dispute — that the parties engaged in substantial investigations prior to settlement.  The

18  Settlement Agreement terms were reached after much negotiation and mediation before a neutral

19  mediator and are premised on the mediator's proposal.  Indeed, Class Counsel retained an expert

20  to prepare a damage valuation in advance of mediation.  It also appears Class Counsel has

21  thoroughly weighed the strengths and weaknesses of the case, and has assessed the risks, costs,

22  expenses, and delay of continued litigation, as well as the possibility of appeal.  These factors also

23  indicate the award is within a reasonable range of approval, based on Plaintiffs' expert's damages

24  calculations, taking into account the risks and delay of continued litigation as described in detail

25  in Plaintiffs' briefing.

26       Moreover, there is no evidence of collusion between the parties, especially since the

27  Settlement Agreement appears to have been entered into only after substantial investigation that

28  enabled the Parties to make a reasoned and informed decision regarding settlement.  Additionally,

1   Class Counsel is experienced in this area of law and believes the terms of the Agreement are fair

2   and reasonable, which further weighs in favor of preliminary approval.

3        Finally, the Court sees no obvious deficiencies in the terms of the Agreement, including

4   with the Class Representative Enhancement Awards or Class Counsel's requested fees (which are

5   still subject to final Court approval).  And the Settlement Agreement does not give any improper

6   preferential treatment to Plaintiffs, their counsel, or a particular segment of the settlement class.

7        The Court also acknowledges that Class Members may object to the settlement at a

8   fairness hearing or may opt-out of being bound by the preliminarily approved class settlement.  In

9   sum, because the Court finds the Agreement to have been reached only after extensive and costly

10  investigation, arms-length negotiations in mediation, and because the terms contain no obvious

11  deficiencies and do not appear to give preferential treatment to any certain individual or group,

12  the Court preliminarily approves the proposed settlement, which is incorporated by reference in

13  its entirety, as if stated here in full.

14        **IV.    APPROVAL OF NOTICE AND DISTRIBUTION TO THE CLASS**

15        "Adequate notice is critical to court approval of a class settlement under Rule 23(e)"

16  *Hanlon*, 150 F.3d at 1025. For a class certified under Rule 23(b)(3), the Court must direct to class

17  members "the best notice that is practicable under the circumstances, including individual notice

18  to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B).

19  That notice must "clearly and concisely state, in plain, easily understood language," the nature of

20  the action; the definition of the class certified; the class claims, issues, or defenses; that a class

21  member may enter an appearance through an attorney if the class member so desires; that the

22  court will exclude from the class any member who requests exclusion; the time and manner for

23  requesting exclusion; and the binding effect of a class judgment on members under Rule 23(c)(3).

24  Fed. R. Civ. P. 23(c)(2)(B).

25        The Court finds the Class Notice, drafted jointly and agreed upon by the Parties through

26  their respective counsel, includes information regarding the nature of the Action; a summary of

27  the substance of the Settlement, including Defendant's denial of liability; the definition of the

28  Class; the procedure and time period for objecting to the Settlement, exclusion from the

1   Settlement, and participating in the Settlement; a statement that the District Court has

2   preliminarily approved the Settlement; and information regarding the calculation of settlement

3   shares.  (*See* Agreement, Ex. A.)  The Class Notice also informs members of the Class about the

4   release applicable to the FCRA Class and the California Class, respectively.

5          The Class Notice explains that Class Members who wish to participate in the settlement

6   do not have to do anything to claim their share and also provides that any Class Member may

7   choose to opt out of the Class.  The Class Notice also provides information concerning how to

8   object to the Settlement.  Moreover, in accordance with *Mercury Interactive Corp. Secs. Litig. v.*

9   *Mercury Interactive Corp*., 618 F.3d 988 (9th Cir 2010), the application for attorneys' fees and

10  costs will be filed before the end of the objection period and posted on a website as indicated in

11  the Class Notice.  Class Counsel must file their application for the attorneys' fees and costs no

12  later than 14 days prior to the end of the objection period, and the application will be heard at the

13  Final Approval Hearing.  As a result, all Class Members will have ample opportunity to review

14  and comment on the attorneys' fees and costs before the objection deadline.

15         The Court finds the mailing and distribution of the Class Notice satisfies the requirements

16  of due process and is the best notice practicable under the circumstances.  More specifically,

17  individual notices will be mailed to all class members whose identities are known to the Parties,

18  and such notice is the best notice practicable.  Moreover, per the Agreement, the Settlement

19  Administrator's duties include: preparing and mailing the Class Notice Packet; conducting a

20  National Change of Address search to update all addresses prior to mailing; performing a

21  reasonable address search for any Notice Packets returned as non-deliverable and re-mailing to

22  new addresses.  (Agreement, ¶ III(D).)  And in the event a Notice Packet is returned because of an

23  incorrect address, the Settlement Administrator will be responsible for taking reasonable steps to

24  trace the mailing address of the relevant Class Member, including tracking undelivered mail,

25  performing address searches for all mail returned without a forwarding address, and promptly re-

26  mailing to Class Members for whom new addresses are found.  (Agreement, ¶ III(E)(2)(c).)

27         The Parties' proposed Notice of Proposed Settlement of Class Action and Hearing Date

28  for Final Court Approval ("Class Notice") attached to the Agreement as Exhibit A, sufficiently

9

1    informs Class Members of the terms of the Settlement, their rights under the Settlement, their

2    rights to object to the settlement, their right to receive a Settlement Share or elect not to

3    participate in the Settlement, the processes for doing so, and the date and location of the final

4    approval hearing, and therefore is approved.

5            Defendant is directed to provide the Settlement Administrator with the Class Members'

6    Class Data as specified by the Agreement no later than 30 days after the date of electronic filing

7    of this Order.  Pursuant to the terms set forth in the Agreement, the Class Data, its contents and

8    any files containing Class Data shall remain strictly confidential for the Settlement

9    Administrator's eyes only, not to be disclosed to Plaintiffs or to Class Counsel or to any Class

10   Member.  The Settlement Administrator is directed to mail the approved Class Notice by first-

11   class mail to the Class Members at their last known address no later than 14 days after receipt of

12   the Class Data.

13        **V.    IMPLEMENTATION SCHEDULE**

14           As set forth throughout the Agreement, the following implementation schedule is hereby

15   approved:[3]

16        • Not later than thirty (30) days from the date of electronic filing of this Order,

17             Defendant shall provide to the Settlement Administrator an Excel file containing

18             Class Member's Class Data.

19        • Not later than fourteen (14) days from receipt of the Class Data, the Settlement

20             Administrator shall mail the Class Notice Packets to all Class Members using the

21             addresses provided by Defendant.

22        • If any Class Notice Packets are returned because of incorrect address, the

23             Settlement Administrator will, not later than ten (10) days from receipt of the

24             returned Notice Packet, search for a more current address and will re-mail the

25             packet to the updated address.

26        • Objections must be postmarked or received by the Settlement Administrator not

27   _____

28   [3]     Counsel should note that the Court sets the deadline for briefing regarding the Motion for
     Final Approval of Settlement more than 28 days before the date of the hearing.

later than forty-five (45) days from the date the Class Notice Packet was mailed.

- Any signed Election Not to Participate in Settlement must be postmarked or received by the Settlement Administrator not later than forty-five (45) days from the date the Class Notice Packet was mailed.

- Class Counsel shall file its Application for attorney's fees and litigation expenses not later than fourteen (14) days before Class Members' deadline for objections. The Application should be noticed for and heard at the Final Approval hearing.

- The Motion for Final Approval of the Settlement Agreement will be heard on **January 21, 2021.**

- Plaintiffs' Motion for Final Approval shall be filed not later than **December 10, 2020**.  At least four (4) days prior to filing, Class Counsel will provide a draft of the Motion to Defendant's Counsel.

- Not later than the date Plaintiffs file their Motion, the Settlement Administrator will provide to the Parties a declaration setting forth its compliance with its obligations under the Agreement and detailing any Elections Not to Participate as well as any objections received.

- Not later than seven (7) days after the Settlement Administrator notifies the Parties of the final number of valid Elections Not to Participate, Defendant will notify Class Counsel and the Court whether it is exercising its right to void the Settlement.

- Not later than seven (7) days before the hearing date, the Parties may file a reply to any opposition filed with the Court.

- Not later than thirty (30) days from the Effective Date of Settlement, Defendant shall fund the Gross Settlement Amount per the terms of the Agreement.

- Not later than fourteen (14) days after funding, the Settlement Administrator will issue all applicable payments as detailed in the Agreement.

- Checks must be cashed within 180 days of mailing.  If any check is not cashed within 120 days, the Settlement Administrator will send a notice informing the

Class Member that the check will expire if it is not cashed in the next sixty (60) days.

- Within ten (10) days of final disbursement of all funds from the Gross Settlement Amount, the Settlement Administrator will serve on the Parties and file with the Court a declaration providing a final report on the disbursements of all funds.

**VI.     FINAL APPROVAL AND HEARING**

For the reasons set forth above, the Court GRANTS Plaintiff's unopposed Motion for Preliminary Approval of Class Action Settlement (ECF No. 13).  The Court hereby sets a hearing for final approval of the Settlement Agreement and certification of the settlement classes on **January 21, 2021, at 2:00 p.m.**, with briefs and supporting documentation to be filed no later than **December 10, 2020**.

Any Class Member may appear at the final approval hearing in person or by his or her own attorney and show cause why the Court should not approve the Settlement, or object to the motion for an award of attorneys' fees and costs and the Class Representative Service Payments. For any written comments or objections to be considered at the hearing, the Class Member must submit the written objections to the Settlement Administrator in compliance with the instructions in the Class Notice.

IT IS SO ORDERED.

DATED:  July 15, 2020

Troy L. Nunley
United States District Judge