UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JONATHAN BAILEY and JOSE
CARRASCO JR., on behalf of themselves
and on behalf of all persons similarly
situated,

        Plaintiffs,

    v.

ROMANOFF FLOOR COVERING, INC.,
a Corporation; and Does 1 through 50,
Inclusive,

        Defendant.

No. 2:17-cv-00685-TLN-DMC

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS AND SERVICE PAYMENT, AND JUDGMENT AND DISMISSAL**

Plaintiffs Jonathan Bailey and Jose Carrasco Jr.'s (collectively, "Plaintiffs") Motion for Final Approval of Class Settlement ("Motion for Final Approval") and Motion for Award of Attorneys' Fees and Costs and Service Awards ("Fees Motion") came on for hearing on April 15, 2021, at 1:30 p.m., before U.S. District Judge Troy L. Nunley.[1]  (ECF Nos. 18–19, 24.)  Kyle Nordrehaug, appeared on behalf of Plaintiffs and Sat Sang Khalsa appeared on behalf of Defendant Romanoff Floor Covering, Inc. ("Defendant.")

---

[1]    The parties initially appeared before the Court for hearing on January 21, 2021.  No Class Members appeared at that time.  In order to ensure compliance with Federal Rule of Civil Procedure 23 and CAFA (28 U.S.C. § 1715(d), the Court continued the hearing to April 15, 2021. (ECF No. 21.)

The Parties submitted their Class Action Settlement Agreement ("Settlement Agreement" or "Settlement"), which this Court preliminarily approved in its July 16, 2020 Order (the "Preliminary Approval Order"). (ECF No. 17.) In accordance with the Preliminary Approval Order, Class Members have been given notice of the terms of the Settlement and the opportunity to comment on or object to it or to exclude themselves from its provisions. (*Id.*; *see also* ECF No. 22.)

Having fully and carefully considered the Settlement Agreement, the Motion for Final Approval and Fees Motion, the memoranda, evidence, and declarations filed in support thereof, and the oral arguments made at the hearing, it is HEREBY ORDERED and DETERMINED that:

1. Except as otherwise specified herein, the Court adopts all defined terms as set forth in the Settlement Agreement, a copy which is attached as Exhibit 2 to the Declaration of Norman Blumenthal in Support of Plaintiffs' Motion for Final Approval. (ECF No. 19-2 at 52–107.)

2. The Court has jurisdiction over this Action and the Settlement pursuant to 28 U.S.C. § 1331.

3. Plaintiffs Jonathan Bailey and Jose Carrasco, Jr. are confirmed as Class Representatives.

4. Blumenthal Nordrehaug Bhowmik De Blouw, LLP, by and through Lead Counsel Norman Blumenthal, Kyle Nordrehaug, and Aparajit Bhowmik are confirmed as Class Counsel.

5. CPT Group, Inc. is confirmed as Settlement Administrator.

6. Prior to granting preliminary approval, the Court evaluated the standards for class certification. Nothing has been raised subsequently that might affect the Court's prior analysis as to whether certification is appropriate here, and the Court has no cause to revisit that analysis. The Court finds that final certification of the Class is appropriate under Rule 23 and hereby GRANTS, for settlement purposes only, certification of the Class consisting of the California Class and the Fair Credit Reporting Act ("FCRA") Class, as defined herein:

> The California Class is defined as all individuals who worked for Defendant in California as non-exempt employees from March 30, 2013 up to and through May 1, 2018 (the "California Class")

> The FCRA Class is defined as all prospective employees for whom

Defendant procured a background check during the time period of March 30, 2012 to April 5, 2017, which is comprised of FCRA Class Members who received an FCRA form within the 2-year statutory period of FCRA and FCRA Class Members who received an FCRA form within the 5-year statutory period of FCRA but outside of the 2-year statutory period of FCRA (the "FCRA Class").

7. The Court reviewed the Notice of Proposed Settlement of Class Action and Hearing Date for Final Court Approval ("Class Notice") that was proposed when the Parties sought preliminary approval of the Settlement and found it sufficient. (*See* ECF No. 17.) Pursuant to the Preliminary Approval Order, the Class Notice was sent to each Class Member by first-class mail. The Class Notice informed Class Members of the terms of the Settlement, their right to receive a Settlement Share, their right to comment on or object to the Settlement and/or the attorneys' fees and costs, their right to elect not to participate in the Settlement and pursue their own remedies, and their right to appear in person or by counsel at the final approval hearing and be heard regarding approval of the Settlement. Adequate periods of time were provided by each of these procedures. A website was created and maintained which provided Class Members the ability to obtain additional information regarding the Settlement and to access pertinent pleadings.

8. This notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the settlement based on the responses of Class Members. The notice provided in this case was the best notice practicable, which satisfied the requirements of law and due process. *See Silber v. Mabon*, 18 F.3d 1449, 1453–54 (9th Cir. 1994) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)); *Winans v. Emeritus Corp.*, No. 13-cv-03962-HSG, 2016 WL 107574, at *3 (N.D. Cal. Jan. 11, 2016).

9. No Class Members filed written objections to the proposed Settlement as part of this notice process. Five (5) Class Members requested exclusion: Cameron Kincaid, David Glazer, Harrison Samitas, Julia Sluder, and Scott Madrid. (*See* ECF No. 19-5 at 4.)

10. For the reasons stated in the Preliminary Approval Order, the Court finds and determines that the terms of the Settlement are fair, reasonable, and adequate to the Class and to each Class Member. The Participating Class Members will be bound by the Settlement, the

Settlement and implementation schedule are deemed finally approved, and all terms and provisions of the Settlement are hereby ORDERED to be consummated.

11. The all-inclusive Gross Settlement Amount in the maximum amount of $1,375,000 and the Settlement Shares to be paid to the Participating Class Members as provided for by the Settlement are fair and reasonable. The Court hereby GRANTS final approval of and ORDERS the payment of those amounts be distributed to the Participating Class Members out of the Net Settlement Amount in accordance with the Settlement Agreement. Pursuant to the terms of the Settlement Agreement, the Settlement Administrator is directed to make the payments to each Participating Class Member in accordance with the Settlement Agreement. Further, the Court approves the proposed means of disbursing any unclaimed funds as provided in the Settlement Agreement.

12. The fees and expenses of CPT Group, Inc. in administrating the Settlement in the amount of $28,000 are fair and reasonable. The Court hereby GRANTS final approval of and ORDERS the payment of that amount be paid out of the Gross Settlement Amount in accordance with the Settlement Agreement.

13. The Court hereby GRANTS approval of the settlement and release of the Private Attorneys General Act ("PAGA") claims by the California Class, pursuant to the Settlement Agreement, and the PAGA Payment of $10,000 from the Gross Settlement Fund to resolve the PAGA claims. The proposed allocation is fair and reasonable, serves the deterrent and punitive purposes of the PAGA, and is within the range commonly approved by state and federal courts.

14. The request by Plaintiffs and Class Counsel as to the Class Representative Service Payments and the attorneys' fees and costs pursuant to the Settlement Agreement are fair and reasonable. The Court hereby GRANTS final approval of and ORDERS the payment of the amounts of $10,000 to each Plaintiff for the Class Representative Service Payments, $343,750 for attorneys' fees to Class Counsel, and $15,000 for reimbursement of costs to Class Counsel, to be paid out of the Gross Settlement Amount in accordance with the Settlement Agreement.

///

///

15. Upon entry of final judgment, Defendant and Released Parties[2] shall be entitled to a release of all claims alleged or that could have been alleged based on the facts in the operative Complaint which occurred during the Class Periods. For the California Class Participating Class Members, this release includes all claims arising under California law based on Business & Profession Code § 17200, Unpaid Wages, Failure to Provide Meal Periods, Unpaid Overtime, Unreimbursed Business Expenses, Inaccurate Wage Statements, and Waiting Time Penalties, as well as claims under California Labor Code §§ 201–204, 226, 226.3, 226.7, 510, 512, 558, 558.1, 1194, 1194.2, 1197, 1197.1, 1198, and 2802. It also includes any claims arising under Labor Code §§ 2699 *et seq.* and any applicable Wage Order of the Industrial Welfare Commission, and is inclusive of all forms of penalties, damages, interest, attorneys' fees, and costs. Except those claims that are subject to *res judicata*, based on the facts in the operative Complaint, this Release expressly excludes all other claims, including claims for wrongful termination, unemployment insurance, disability, social security, and workers' compensation, as well as claims outside of any applicable Class Period. For the FCRA Participating Class Members, this release includes all claims arising under the FCRA and any statute or regulation of any state, U.S. territory, the District of Columbia, or Puerto Rico that has the purpose or effect of regulating the collection or reporting of consumer information and related actions.

16. Pursuant to the terms of the Settlement Agreement, Plaintiffs make the additional following general release of any and all claims, known or unknown, suspected or unsuspected, that each Plaintiff had, now has, or may hereafter claim to have against Defendant and Released Parties. Plaintiffs hereby fully and finally release the Released Parties, including Defendant, from

---

[2] Pursuant to the Settlement Agreement, "Released Parties" refers to: Romanoff Floor Coverings, Inc., and its present and former parent companies, subsidiaries, related and/or affiliated companies and entities, and its and their present and former owners, shareholders, officers, directors, employees, agents, attorneys, insurers, successors, and assigns, and any individual or entity which could be jointly or severally liable with Defendant to the Class for the Released Claims. As to the FCRA class, "Released Parties" also includes The Home Depot, Inc., Home Depot U.S.A. Inc., and, First Advantage Background Screening Corp., and its and their present and former parent companies, subsidiaries, related and/or affiliated companies and entities, and its and their present and former owners, shareholders, officers, directors, employees, agents, attorneys, insurers, successors, and assigns, and any individual or entity which could be jointly or severally liable to the Class for the Released Claims. (ECF No. 19-2 at 55.)

any and all claims, complaints, liens, demands, rights, liabilities, debts, obligations, guarantees, costs, expenses, attorneys' fees, penalties, interest, damages (including but not limited to actual damages, statutory damages, or punitive damages), restitution, injunctive relief, declaratory relief, remedies, and causes of action of every type, nature, and description whatsoever, known or unknown, suspected or unsuspected, asserted or that might have been asserted, which each Plaintiff had, now has, or may hereafter claim to have against Defendant or any of the Released Parties for claims that occurred during the Class Periods.

17. Nothing in this Order shall preclude any action to enforce the Parties' obligations under the Settlement or under this Order, including the requirement that Defendant make payments in accordance with the Settlement Agreement.

18. If, for any reason, the Settlement ultimately does not become final (as defined by the Settlement): this Order will be vacated; the Parties will return to their respective positions in this action as those positions existed immediately before the Parties executed the Settlement Agreement; and nothing stated in the Settlement Agreement or any other papers filed with this Court in connection with the Settlement will be deemed an admission of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action.

19. The Parties entered into the Settlement solely for the purpose of compromising and settling disputed claims. Defendant in no way admits any violation of law or any liability whatsoever to Plaintiffs and the Class, individually or collectively, all such liability being expressly denied by Defendant.

20. The Parties are hereby ORDERED to comply with the terms of the Settlement Agreement.

21. Final Judgment is hereby entered based on the Parties' Settlement Agreement. All claims asserted in this Action are hereby DISMISSED with prejudice as to Plaintiffs Jonathan Bailey and Jose Carrasco, Jr., the California Class Members and FCRA Class Members. The PAGA claims asserted in this Action are hereby DISMISSED with prejudice as to Plaintiffs and all California Class Members. All California Class Members and FCRA Class Members who did

not properly and timely opt out from the Class Settlement are PERMANENTLY ENJOINED from pursuing or seeking to reopen any of the released claims as set forth in this Order.

22. Each side will bear her/his/its own costs and attorneys' fees except as provided by the Settlement Agreement and this Order.

23. Without affecting the finality of this Order, Settlement Agreement, or Judgment in any way, the Court shall retain exclusive and continuing jurisdiction over the above-captioned action and the Parties, including all Class Members, for purposes of supervising, administering, implementing, effecting, enforcing, and interpreting this Order and the Settlement Agreement.

IT IS SO ORDERED.

DATED: April 28, 2021

Troy L. Nunley
United States District Judge

7